UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SIEMENS ENERGY & AUTOMATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-0582 |
| ) | |
| CONTROL TECHNOLOGY, INC., ) | Judge Thomas A. Wiseman, Jr. |
| and FASTRAK SOFTWORKS, INC. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

I. INTRODUCTION

Plaintiff, Siemens Energy & Automation, Inc. ("Siemens") has filed a Second Amended Complaint (Doc. No. 48) against FasTrak SoftWorks, Inc. ("FasTrak") and Control Technology, Inc. ("CTI") (collectively "Defendants"), alleging thirteen claims. Defendants move for summary judgment (Doc. Nos. 68 and 71) on six of those claims, the first two naming FasTrak alone and the last four naming both Defendants: breach of duty of confidentiality, breach of contract, common law misappropriation and conversion of trade secrets, false representation and unfair competition in violation of the Lanham Act, common law unfair competition, and violation of the Tennessee Consumer Protection Act.

All of the claims implicated by Defendants' motions are based on FasTrak's alleged misuse of Siemens' confidential information. Based on a review of the current record, it is not clear what information FasTrak allegedly misused. Therefore, the Court must Deny the Defendants' Motions for Summary Judgment without prejudice to their renewal after further discovery and explication of the facts.

II. FACTS AND PROCEDURAL HISTORY

Plaintiff and Defendants are all in the business of automated industrial process control systems. Siemens is a large manufacturer of these systems, including a widely used system known as "the 505" (Doc. No. 48-1 at 2-3). CTI has, for most of its life, manufactured components of process control systems for several companies, including Siemens (Doc. No. 48-1 at 2, 4). However, it has recently begun making its own full process control system called "the 2500 Series Programmable Controller System" ("the 2500") (Doc. No. 48-1 at 4-5). The 2500 competes with, and is compatible with, Siemens' 505 system (Doc. No.

33-1 at 3). FasTrak is a software development company that specializes in software that works with process control systems (Doc. No. 48-1 at 8).

FasTrak and Siemens have had a business relationship for several years. FasTrak has, pursuant to contracts with Siemens, developed software that works with the 505 (Doc. No. 48-1 at 8). So that FasTrak could do so, Siemens has provided FasTrak with proprietary information about how the 505 works (Doc. Nos. 48-1 at 9-10 and 59-1 at 5).

FasTrak and CTI have also formed a business relationship. FasTrak helped CTI develop its 2500 system. Specifically, FasTrak provided CTI with the software ("the CTI Software") that runs the 2500 and makes it compatible with the 505 (Doc. No. 59-1 at 7).

Siemens claims that FasTrak could not have developed the CTI Software without using the proprietary information that Siemens has provided FasTrak (Doc. No. 48-1 at 10). It claims that this information was confidential and that FasTrak was only authorized to use the information to develop software for Siemens (Doc. No. 48-1 at 9-10).

FasTrak admits that it used Siemens' information to develop the CTI software (Doc. No. 59-1 at 6). It asserts, however, that, it had a right to do so under a "Software License Contract" (the "SLC") it had with Siemens (Doc. No. 59-1 at 8-9).

Siemens responds that the information FasTrak used was not governed by the SLC. Rather, according to Siemens, FasTrak's use of Siemens' information was governed by a "Confidentiality Agreement" (the "CA"), which Siemens and FasTrak entered into prior to entering into the SLC (Doc. No. 79 at 1).[1] Because the two agreements provide FasTrak with varying rights to use Siemens' information (Doc. Nos. 69 at 7 and 48-4 at 1-2), the outcome of the claims at issue turns on which agreement governs FasTrak's use of Siemens' information.

The Confidentiality Agreement

Of the two agreements, the CA provides Siemens' information with the most protection. It calls for FasTrak to keep the information confidential for, effectively, an indefinite period of time (Doc. No. 48-4 at 2).[2] However, the agreement does not apply to all information Siemens sends FasTrak. Rather, it

---

[1] Siemens and FasTrak entered into the CA on January 23, 1996 and the SLC on December 14, 1996.
[2] Section 6.6 of the CA states "[t]his agreement shall continue in full force and effect until terminated by either party giving thirty (30) days prior written notice to the other party. Notwithstanding any such

2

applies only to information pertaining to two specific projects: FasTrak's development of a "WINCC Channel Development Kit" (the "Development Kit Project") (Doc. No. 48-4 at 4) and FasTrak's development of "a Windows version of Simatic Tisoft PLC programming software" (the "Programming Software Project") (Doc. No. 48-5 at 1-2).[3]

The Software License Contract

The SLC provides Siemens' information with less protection than the CA does. Section 9.1 of the SLC states that "[t]he parties agree that for a period of five (5) years after receipt, neither party shall disclose . . . Information . . . it receives from the other party that is marked either "Confidential" or "Proprietary" to any other person, firm or corporation or use it for its own benefit . . ." (Doc. No. 69 at 2). So, while the CA protects Siemens' information effectively indefinitely, the SLC protects it for only five years after FasTrak receives it. However, like the CA, the SLC also has a limited scope. It applies only to information sent for the Programming Software Project (Doc. No. 59-1 at 2-3).[4]

The SLC also negates the CA's application to the Programming Software Project. Section 14.3 states "[t]his Contract contains the entire understanding of the parties with respect to the matter contained herein. There are no promises, covenants or undertakings other than those expressly set forth herein, and any other terms and conditions are rejected regardless of content, timing, or method of communication" (Doc. No. 69 at 3). Based upon a review of the SLC, "the matter contained herein" is the Programming Software Project.[5] Thus, after the execution of the SLC, the CA no longer applied to the Programming Software Project.

The Information at Issue

The parties disagree about what information FasTrak used to develop the CTI Software. Siemens asserts that FasTrak must have used information governed by the CA – information that

---

termination, [FasTrak's] obligations under this Agreement shall remain in full force and effect with respect to Confidential Information for so long afterwards as the information or data remains a trade secret or for a period of three (3) years after the effective date of this Agreement, whichever is later" (Doc. No. 61-2 at 5).

[3] The CA originally applied only to the Development Kit Project. An amendment, dated March 13, 1996, extended its applicability to the Programming Software Project.

[4] The SLC pertains to "software . . . for programming the . . . 505 programmable control system of Siemens" (Doc. No. 61-4 at 4).

[5] The Preamble to the SLC states its purpose: "FasTrak . . . is prepared to deliver copies of said software to Siemens. Siemens desires to use and distribute such software under the terms and conditions as set forth herein this Contract." "Software" is defined as "software . . . for programming the . . . 505 programmable control system of Siemens" (Doc. No. 61-4 at 4).

3

Siemens provided FasTrak in March, April, and November of 1996, before the execution of the SLC (Doc. No. 48-1 at 9-10). FasTrak asserts, to the contrary, that it used only information that is governed by the SLC – information Siemens provided FasTrak for the Programming Software Project that it received in May of 1999 (Doc. No. 69 at 4). It also asserts that it did not violate the SLC by using the information because it waited five years after receiving the information before it used the information to its benefit (Doc. No. 59-1 at 7).

The Procedural History

Siemens filed its original complaint against CTI on June 7, 2006 (Doc. No. 1). On July 12, 2006, CTI filed its answer to Siemens' complaint (Doc. No. 5). On October 11, 2006, Siemens filed a motion for preliminary injunction against CTI (Doc. No. 14) and amended its complaint to include a claim not at issue here (Doc. No. 20). On October 19, 2006, CTI filed its answer to the amended complaint (Doc. No. 26). On December 4, 2006, CTI filed its response to Siemens' motion for preliminary injunction (Doc. No. 33), and the parties subsequently entered into a stipulation affecting claims not at issue here (Doc. No. 38). Pursuant to this stipulation, Siemens withdrew its motion for preliminary injunction (Doc. No. 39).

On January 16, 2007, Siemens amended its complaint to include FasTrak (Doc. No. 48). FasTrak filed a timely answer to Siemens' second amended complaint (Doc. No. 50). On April 5, 2007, Siemens filed another motion for preliminary injunction (Doc. No. 53). On April 24, 2007, FasTrak filed its answer to that motion. On April 30, 2007, Siemens withdrew its motion for preliminary injunction.

In May of 2007, the Defendants made their motions at issue here. On May 2, FasTrak moved for summary judgment on all counts against it (Doc. No. 68), and on May 14, CTI moved for partial summary judgment on the counts naming both it and FasTrak (Doc. No. 71). Siemens filed responses to FasTrak's motion for summary judgment (Doc. No. 79) and CTI's motion for partial summary judgment (Doc. No. 86). FasTrak and CTI both filed replies to Siemens' responses to their respective motions for summary judgment. As of the time of the writing of this opinion, the parties have performed some, but not all, of their discovery. The case is set for a bench trial on December 4, 2007.

III. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the burden

4

of showing an "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

IV. DISCUSSION

Siemens' claims at issue here include breach of duty of confidentiality, breach of contract, common law misappropriation and conversion of trade secrets, false representation, unfair competition, and violation of the Tennessee Consumer Protection Act. All of these claims are based ultimately on FasTrak's alleged misuse of Siemens' proprietary information. Siemens contends that FasTrak misused this information when it referred to the information to develop the CTI Software (Doc. No. 48-1 at 10). FasTrak admits that it used Siemens' information to develop the CTI Software (Doc. No. 59-1 at 6). It asserts, however, that it had a right to do so (Doc. No. 59-1 at 8-9). Thus, the Court must determine the extent of FasTrak's right to use Siemens' information. FasTrak's rights are determined either by the CA or by the SLC. Because these agreements give FasTrak different rights, the ultimate question is which agreement, the CA or the SLC, governs the information FasTrak used to develop the CTI Software.

A careful review of each agreement reveals that, to determine which agreement governs FasTrak's use of Siemens' information, this court must consider: (1) which project, the Development Kit Project or the Programming Software Project, the information was sent for, and (2) when the information was sent.

Siemens argues that the CA, the agreement that provides indefinite protection to Siemens' information, applies to information sent for both the Development Kit Project and the Programming Software Project (Doc. No. 79 at 1-2). Siemens is partly correct. While the CA does apply to both projects, its application to the Programming Software Project is limited by Section 14.3 of the SLC, which states that "[t]his Contract contains the entire understanding of the parties with respect to [the Programming Software Project]. There are no promises, covenants or undertakings other than those expressly set forth herein, and any other terms and conditions are rejected regardless of content, timing,

5

or method of communication." Thus, after its execution, only the SLC, not the CA applied to information sent for the Programming Software Project.

Defendants argue that the SLC, the agreement that provides only five years of protection to Siemens' information, is the only agreement that applies to information sent for the Programming Software Project (Doc. No. 97-1 at 1, 3). Because the SLC does not apply to information sent before the SLC was executed, the Court disagrees. As explained above, the CA, not the SLC, applies to the information Siemens sent FasTrak before the execution of the SLC. The prospective language in Section 9.1 of the SLC makes this clear.[6]

To summarize, the CA applies to information that Siemens sent FasTrak for the Development Kit Project and information that Siemens sent FasTrak for the Programming Software Project before the execution of the SLC. The SLC applies to information that Siemens sent FasTrak for the Programming Software Project after the execution of the SLC.

The question then becomes what information FasTrak used to develop the CTI Software. FasTrak asserts that it used only information that Siemens provided FasTrak for the Programming Software Project after the execution of the SLC. FasTrak also asserts that it waited five years after it received the information before it used the information for its benefit (Doc. No. 69 at 4). If FasTrak is correct, then it did not misuse Siemens' information when it referred to the information to develop the CTI Software because its use of that information would be governed by the SLC, and by waiting five years, it would not have violated the plain language of the SLC. Thus, if FasTrak is correct, Defendants would be entitled to summary judgment on the counts at issue. However, contrary to FasTrak's assertion, Siemens asserts that FasTrak must have used information governed by the CA when it developed the CTI Software (Doc. No. 48-1 at 9-10). Upon reviewing the record, the Court is unable to determine what information FasTrak used to develop the CTI Software. Thus, there is an unsettled issue of material fact, and the Court cannot, on the current record, grant Defendants' Motions for Summary Judgment.

---

[6] Section 9.1 of the SLC states that "[t]he parties agree that for a period of five (5) years after receipt, neither party shall disclose . . . Information . . . it *receives* from the other party that is marked either "Confidential" or "Proprietary" to any other person, firm or corporation or use it for its own benefit . . . ." (emphasis added).

## V. CONCLUSION

For the reasons set forth above, the Court hereby DENIES the Defendants' Motions for Summary Judgment.

_____
Judge Thomas A. Wiseman, Jr.
Senior United States Court Judge